Harvey M. Moore, Esq., CSB 101128
Ramin Mahdavi, Esq., CSB 247178
The Moore Law Group, APC
3710 S. Susan Street
Santa Ana, CA 92704
(714) 431-2000

Attorneys for Defendant,
National Credit Systems, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA BRILEY, individually and on behalf of all others similarly situated, | Case No.: 5:16-cv-01531-GHK-DTB |
| Plaintiff, | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| NATIONAL CREDIT SYSTEMS, INC., | |
| Defendant. | |

------------------------------------------------

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant National Credit Systems, Inc. ("Defendant") submits this Answer to Plaintiff's Complaint and Affirmative Defenses. Defendant denies each and every allegation in the Complaint unless otherwise set forth in this Answer.

## INTRODUCTION

1.    Defendant admits that Plaintiff purports to bring an action under the Telephone Consumer Protection Act but denies that Defendant has violated the law or is liable to Plaintiff in any amount.

2.    Defendant admits that Plaintiff purports to bring an action under the Telephone Consumer Protection Act but denies that Defendant has violated the law or is liable to Plaintiff in any amount.

3.    Defendant admits that Plaintiff purports to bring an action under the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act but denies that Defendant has violated the law or is liable to Plaintiff in any amount.

## JURISDICTION AND VENUE

4.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

5.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

## PARTIES

6.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

7.     Defendant admits that is a "debt collector" as defined in the FDCPA and the RFDCPA. Defendant also admits that it was retained to collect a balance owed or alleged to be owed by Plaintiff. Defendant lack sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

8.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

## FACTUAL ALLEGATIONS - TCPA

9.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

10.    Deny.

11.    Admit.

12.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

13.    Deny.

## FACTUAL ALLEGATIONS - FDCPA

14.    Upon information and belief, admit.

15.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

16.    Deny.

17.  Deny.

18.  Deny.

## CLASS ACTION ALLEGATIONS

19.  Defendant admits Plaintiff brings this action on behalf of herself and a proposed class of persons who Plaintiff contends are similarly situate, but denies that certification is proper pursuant Fed. R. Civ. Proc. 23.

20.  This paragraph was omitted from the Complaint.

21.  Deny.

22.  Deny.

23.  Deny.

24.  Deny.

25.  Deny.

26.  Deny.

27.  Deny.

28.  Deny.

29.  Deny.

30.  Deny.

# FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. § 227 et seq.

31.    Defendant reasserts its prior responses as if fully set forth in this paragraph.

32.    Deny.

33.    Deny.

34.    Deny.

# SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. § 227 et seq.

35.    Defendant reasserts its prior responses as if fully set forth in this paragraph.

36.    Deny.

37.    Deny.

38.    Deny.

## THIRD CAUSE OF ACTION

### Violation of the Federal Fair Debt Collection Practices Act

### 15 U.S.C. § 1692 et seq.

39.    Defendant reasserts its prior responses as if fully set forth in this paragraph.

40.    Deny.

## FOURTH CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act

### Cal. Civ. Code § 1788 et seq.

41.    Defendant reasserts its prior responses as if fully set forth in this paragraph.

42.    Deny.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1.    Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

ANSWER TO COMPLAINT
CASE NO.: 5:16-cv-01531-GHK-DTB

6

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (NO ATDS)

3.     As a separate, affirmative defense, Defendant asserts that Defendant does not employ an automatic telephone dialing system as defined by the TCPA.

## FOURTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

4.     Plaintiff and the putative class are not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because they failed to take reasonable steps to mitigate their damages with respect to the matters alleged in the Complaint.

ANSWER TO COMPLAINT
CASE NO.: 5:16-cv-01531-GHK-DTB

## FIFTH AFFIRMATIVE DEFENSE

(Bona Fide Error)

5.      As a separate, affirmative defense, assuming *arguendo* that Defendant violated a statute alleged in the Complaint, which presupposition Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SIXTH AFFIRMATIVE DEFENSE

(Maintained Reasonable Procedure)

6.      As a separate, affirmative defense, Defendant alleges that all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the FDCPA or the Rosenthal Act.

## SEVENTH AFFIRMATIVE DEFENSE

(Equitable Defenses)

7.      As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are or may be, barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

(No Intentional or Reckless Conduct)

8.      As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff or the putative class. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff or its putative class.

## NINTH AFFIRMATIVE DEFENSE

(Prior Express or Implied Consent)

9.      As a separate, affirmative defense, Defendant asserts that it had consent to call the phone number(s) at issue, either via prior express consent or implied consent.

## TENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

10.      As a separate, affirmative defense, Defendant asserts that Plaintiff or the putative class assumed the risk of calls made by Defendant.

ANSWER TO COMPLAINT
CASE NO.: 5:16-cv-01531-GHK-DTB

9

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

11.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant. Accordingly, Plaintiff or its putative class are barred from any recovery in this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Class Action)

12.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because class members are not identifiable and because this case is not appropriate for class treatment, including, but not limited to, lack of typicality, ascertain ability, predominance of individualized issues, and superiority.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

13.     As a separate, affirmative defense, Defendant asserts that Plaintiff's claims including that of the putative class, are barred for lack of standing.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

14.     As a separate, affirmative defense, Defendant asserts that Plaintiff and/or the putative class suffered no actual damages.


WHEREFORE, Defendant National Credit Systems, Inc. requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper. Respectfully submitted,


Dated:  September 29, 2016                    The Moore Law Group, APC



By: _____
Ramin Mahdavi
Attorneys for Defendant


ANSWER TO COMPLAINT
CASE NO.: 5:16-cv-01531-GHK-DTB